This is an action to recover for damage to personal property, an automobile, caused by the alleged negligence of the servant driver of the defendant who was driving an ambulance. The defendant, in essence, denies this negligence and by way of special defense claims that the plaintiff was guilty of contributory negligence and neglected to grant the right of way to which the defendant's driver was entitled under the provisions of § 1595(a) of the General Statutes.
The plaintiff was driving north on Parker Street in Manchester and approaching Middle Turnpike, which intersects Parker Street at a right angle. Obstructing the view to the west, toward that portion of the Turnpike on which the ambulance *Page 233 
was approaching is a substantial bank. Under ordinary circumstances, the plaintiff had a clear way against any other vehicle traveling east on Middle Turnpike, for in the direction from which the ambulance was coming was a stop sign. There is no stop sign on Parker Street. Thus, under normal circumstances, any driver coming from the west, as the driver of the ambulance came, was obligated to stop before crossing Parker Street.
Just prior to entering the intersection, the plaintiff apprehended the approach of the ambulance, put on his brakes and traveled thirty feet thereafter. When the ambulance driver became aware of an emergency, he put on his brakes, about ninety feet from the point of impact. The plaintiff's car struck the tire well to the rear of the defendant's right front fender. That there were no severe personal injuries was due to kismet, or a miracle, as one may wish to interpret it. The ambulance driver was responding to a call as prescribed by the statute, which gave him the right of way.
There are three issues in the case: 1. Was the defendant's driver negligent, considering that he had a statutory right of way? 2. Was the plaintiff guilty of contributory negligence despite the fact that he had, normally, clear right of way through the intersection? 3. The contingent issue, if the case resolves in the plaintiff's favor, of what were the damages.
Certain facts outstand. First, the speed of the ambulance driver. The investigating officer, and his testimony is accepted, said the driver admitted sixty miles per hour speed. Second, the testimony of the plaintiff is accepted that he was going twenty miles an hour and put on his brakes at the first indication of danger. Third, the bank which prohibited a view of the flashing light of the ambulance. Fourth, the ambulance traveled ninety feet before and despite the impact.
The first problem of law here is to determine where the statutory right of way of the defendant's driver ends and where, in his case, and in the case of an ambulance driver, negligence begins. This matter received consideration by the highest tribunal in Leete v. Griswold Post, 114 Conn. 400, 407. While perhaps the court in that instance did not lay down a clear and final statement of the rule, it adumbrated in that direction. It did even expressly take the position that an ambulance driver's right of way does not confer a privilege to neglect reasonable care. The court opined that rate of speed or manner of operation in view of conditions which exist, or disregard of reasonably *Page 234 
obvious hazards from or to vehicles or pedestrians, "may be such as to constitute negligence." Now for the application of this seeming rule in such cases to the case at hand. The speed of the ambulance was sixty miles per hour. It was too fast. The defendant's driver knew, or should have known, that in the normal course a stop sign opposed him. Next, the plaintiff was driving at twenty miles per hour. Further, an obstruction of nature prevented the plaintiff from taking any more care than he did. Also, the ambulance went ninety feet before the collision. Finally, by his own testimony, the defendant's servant did not look to the right. He said he "played the crown of the road" — that was his sole precaution. The combination of these acts and circumstances spelled out negligence. The defendant's driver was negligent.
The speed of twenty miles per hour, the obstruction and the fact that the plaintiff would have clear passage normally and that he applied his brakes when he knew of the hazard indicate due care by him as the driver of his vehicle. There was no contributory negligence. Accordingly, the issues resolve themselves in favor of the plaintiff.
 The plaintiff is entitled to just compensation for his losses. The motor vehicle he drove was, for all practical purposes, a total wreck. At least it was not worth repairing. On its value and salvage, the court accepts the testimony of the defendant's expert, Dresser. The car had a value of $285. Its salvage value was $75 and it was sold for this sum. That leaves the plaintiff with a net vehicular loss of $210. The vehicle was used for business purposes and therefore had a commercial use. The plaintiff's testimony was that, for thirty days' use of his brother's car, he paid him $5 a day, which is a total of $150 for rental. This testimony was not contraverted and is accepted. Placing the two figures together, a total of $360 is achieved. Accordingly, judgment may enter for the plaintiff to recover of the defendant the sum of $360.